Requests for exclusion should be made on the form attached hereto.

**ST. REGIS PAPER COMPANY,**
**Plaintiff,**

v.

**The UPGRADE CORPORATION,**
**American Pulp Corporation and**
**Bud Bender, Defendants.**

**No. K 75–166 CA4.**

United States District Court,
W. D. Michigan, S. D.

Feb. 20, 1980.

Gordon J. Quist, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for plaintiff.

David D. Cornell, Cornell, Dalzell & Sullivan, Kalamazoo, Mich., for defendants.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

This Court has before it several pending motions in this case:

1. Plaintiff's motion for summary judgment against all defendants on counts one and three of the complaint, filed on April 4, 1979;

2. Plaintiff's request to enter default of defendants, filed on April 13, 1979; and

3. Defendants' motion to permit amendment of admissions and/or late filing of response to requests for admissions, with proposed answers to the requests for admissions, filed on November 7, 1979.

Because of the complex history of the case, a brief summary of the facts and the proceedings to date is in order. This case was brought for declaratory relief and damages, and involves alleged misappropriation of trade secrets, patent infringement, and fraud. Plaintiff in this action is the surviving corporation of a merger between it and Michigan Carton Company, the defendant in a suit brought in the State of Illinois courts by those named as defendants in this action on essentially the same issues. Various motions were filed in 1975 and 1976 including Defendants' Motion for Abatement and Dismissal (May 8, 1975), Defendants' Motion to Stay Taking of Depositions (December 11, 1975), and Plaintiff's Motion for an order enjoining defendants from concurrently prosecuting the action in Illinois state court (January 17, 1976). In addition, on May 14, 1976 defendants filed a "Motion to Quash the Several Notices for Discovery Depositions, the Requests for Admissions of Facts; To Stay All Proceedings Herein Pending Determination of the Motion Filed by Defendants on May 8, 1975, and to Deny the Motion of the Plaintiff St. Regis to Enjoin Defendants from Proceedings In the State Court in Illinois." On July 17, 1978 there was a hearing on the nondiscovery-related motions before Judge Wendell A. Miles of this District that resulted in an opinion issued on March 7, 1979 denying the Motion to Enjoin State Court Proceedings and the Motion for Abatement and Dismissal. In April, 1979, plaintiff filed a Motion for Summary Judgment and a request for the entry of default against the defendants. The basis for these motions was defendants' failure to answer plaintiff's request for admissions. In October, 1979, the case was reassigned to this office and a hearing was subsequently scheduled on the pending motions, including the defendants' "Motion to Permit Amendment of Admissions and/or to Permit Late Filing of Response to Request for Admissions with Proposed Answers to Request for Admissions," filed on November 7, 1979.

The sole theory of plaintiff's summary judgment motion is that an unanswered request for admission is deemed admitted under Fed. R. Civ. P. 36(a). Because the requests for admissions were comprehensive, plaintiff argues, defendants are deemed to have admitted every material fact by their failure to answer.

This Court's decision on these various motions, therefore, hinges on its treatment of defendants' motion to permit amendment or late filing of admissions. Should the Court grant the defendants' motion, the basis for plaintiff's motions would be undercut because material facts would then be in issue.

■ Although the requests for admissions were filed on February 6, 1976, nearly four years ago, defendants' failure to answer are not without at least partial excuse. By stipulation the parties agreed to extend the time to answer the requests through March 31, 1976. On May 14, 1976 defendants filed, *inter alia*, their "Motion to Quash the Requests for Admissions of Facts." This motion was pending from that time until today. The defendants argue persuasively that to require a party to answer a request for admissions during the pendency of a motion to quash that request for admissions would negate the utility of such a motion to quash. The period of unexcused lateness, therefore, is merely from March 31, 1976 to May 14, 1976, a period of forty-four (44) days.

The particular language of Fed. R.Civ. P. 36(a) on which plaintiff relies is as follows:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection to the matter.

Defendants, on the other hand, direct the Court's attention to Rule 36(b) which reads as follows:

> Any matter admitted under this rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. [emphasis added]

The Court therefore has discretion to permit the withdrawal or amendment of admissions where to do so would facilitate the presentation of the merits of the action unless the party who obtained the admission satisfies the Court that such an action would prejudice his case.

Granting defendants' motion would facilitate the normal, orderly presentation of the case on its merits—precisely the objective of Rule 36(b)—while denying defendants' motion would result in a final judgment for plaintiff without a hearing as to the merits. Plaintiff has not claimed or shown any prejudice to it resulting from the forty-four days of unexcused lateness nor does it appear likely that it could show any. In fact, the unchallenged statement of defendants' attorney at the hearing is that identical requests for admissions were answered by the defendants in the parallel proceeding in the State of Illinois. While the Court is fully cognizant of the fact that any admissions made by the defendants in the Illinois proceeding are not binding in this action, the fact remains that plaintiff has not been unaware of the nature of the information sought, so as to be hampered in any way in the preparation of its case in this Court.

It being clear, therefore, that granting defendants' motion to permit late filing of their responses to plaintiff's requests for admissions would subserve the presentation of the action on its merits, and that plaintiff would suffer no undue prejudice thereby, defendants' motion is hereby granted in the interest of justice and the proposed answers to the requests for admission are hereby accepted as filed. There now being genuine issue as to material facts, plaintiff's motion for summary judgment is hereby denied. It is also the decision of this Court that an entry of default against defendants in this case is not in the interest of justice inasmuch as the case is actively being pursued by them.

IT IS SO ORDERED.