HANCHAR INDUSTRIAL WASTE MANAGEMENT, INC., Appellant (Plaintiff Below),

v.

WAYNE RECLAMATION & RECYCLING, INC., Appellee (Defendant Below).

No. 3–580A122.

Court of Appeals of Indiana, Third District.

March 26, 1981.

---

Gregory A. Kahre; Bonahoom, Chapman, McNellis & Michaels, Fort Wayne, for appellant.

Thomas L. Fruechtenicht, Dunten, Beckman, Lawson, Fruechtenicht & Snyder, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

Hanchar Industrial Waste Management, Inc. requested certification for appeal of an interlocutory order of the trial court and petitioned the Court of Appeals to accept jurisdiction pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5). The petition was granted. The dispositive issue in this case is whether the trial court erred in permitting Wayne Reclamation & Recycling, Inc. to file answers to Hanchar's requests for admissions after the time specified in the requests had expired.

On September 27, 1979, Hanchar brought an action against Wayne Reclamation on account for goods and services. A set of requests for admission to which Wayne Reclamation was requested to respond within thirty days accompanied the complaint. After Wayne Reclamation was granted an extension of time to answer the complaint, it filed its answer and a counterclaim on November 15, 1979. Hanchar filed a motion for summary judgment on January 9, 1980, based on facts which Wayne Reclamation admitted due to its failure to respond to Hanchar's requests for admission within the thirty day time limitation. A second set of requests for admission, also containing the thirty day limitation, was filed on the same day. On February 27, 1980, Wayne Reclamation petitioned the trial court for a continuance of the summary judgment hearing and for an extension of time to respond to Hanchar's requests for admission. Wayne Reclamation based its petition for extension of time on the grounds of inadvertence and excusable neglect under Ind.Rules of Procedure, Trial Rule 6(B)(2).[1] The trial court granted Wayne Reclamation's petition for an extension of time and accepted its answers to the requests for admission. The trial court also denied Hanchar's motion for summary judgment. It is these rulings from which this appeal arises.

It is well established that once the time limit specified in a request for admission has passed, a party who has failed to timely respond is deemed to have admitted everything requested. This is done by operation of law. Ind.Rules of Procedure, Trial Rule 36(A);[2] *Pathman Const. Co., etc. v. Drum-*

---

1. Ind.Rules of Procedure, Trial Rule 6(B) provides:

    "Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, the court may at any time for cause shown

    (1) order the period enlarged, with or without motion or notice, if request therefor is made before the expiration of the period originally prescribed or extended by a previous order; or

    (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the provisions stated in those rules."

2. Ind.Rules of Procedure, Trial Rule 36(A) provides:

    "Request for admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

    "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may al-

*Co Engin.* (1980), Ind.App., 402 N.E.2d 1. An extension of time granted by a court after the time specified in the request has passed is in reality an opportunity for the party to withdraw or amend the admissions made by operation of law.

Indiana Rules of Procedure, Trial Rule 36(B) specifically establishes the standard to be utilized by a trial court in determining whether a party should be allowed to withdraw or amend its admissions. The rule provides in part:

" . . . Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. . . . "

The above standard makes no reference to Trial Rule 6(B) nor to excusable neglect. Excusable neglect therefore has no bearing on whether Wayne Reclamation should be permitted to withdraw or amend the admissions it made by operation of law. *See also, Pathman Const. Co., etc. v. Drum-Co Engin., supra.*

Wayne Reclamation's petition for extension of time was based solely on the excusable neglect standard of Trial Rule 6(B)(2).

In granting the extension on this ground the trial court employed an erroneous standard. This matter must therefore be remanded for a determination of whether the presentation of the merits will be subserved by withdrawal or amendment of the admissions. A determination must also be made whether such withdrawal or amendment will prejudice Hanchar in maintaining its action on the merits.

For the above reasons this case is remanded to the trial court for proceedings consistent with this opinion.

Remanded.

GARRARD, J., concurs.

STATON, J., concurs in part and dissents in part with opinion.

STATON, Judge, concurring in part and dissenting in part.

I am in complete agreement with the majority that neither party to this action strictly complied with the provisions of T.R. 36(B). However, the majority's decision to remand this action to the trial court is wholly unnecessary and will result in a needless protraction of litigation. The basis of the majority's remand order is that "the trial court employed an erroneous standard" in granting an extension of time in which Wayne could respond to Hanchar's

---

low, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny or that the inquiry would be unreasonably burdensome. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(B), deny the matter or set forth reasons why he cannot admit or deny it.

"The party who has requested the admissions may move for an order with respect to the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial."

requests for admission. The majority states that the trial court used an "excusable neglect" standard under T.R. 6(B)(2) rather than the standard specified in T.R. 36(B).[1] While I agree the inappropriate standard of excusable neglect permeated the motions and memoranda filed by the parties, there is evidence in the record which indicates the trial court employed the proper standard in granting relief from the "deemed" admissions.

The trial court gave no reason for its decision to permit Wayne to file belated responses to the requests for admission, nor did the trial court specify the grounds for denying Hanchar's "Motion to Reconsider Extension of Time Within Which to Respond to Requests for Admission." Because the parties couched most of their contentions in terms of excusable neglect as used

1. Under T.R. 36(B), a party is entitled to withdraw or amend admissions made by operation of T.R. 36(A) if that party establishes that withdrawal or amendment will facilitate a just and complete resolution of the action on its merits, and the opposing party fails to establish that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. For a comparable standard under Federal Rule 36(b), see *St. Regis Paper Co. v. Upgrade Corp.* (W.D.Mich.1980), 86 F.R.D. 355, and *Westmoreland v. Triumph Motorcycle Corp.* (D.Conn.1976), 71 F.R.D. 192.

2. I disagree with the majority's assertion that Wayne's "petition for extension of time was based solely on the excusable neglect standard of Trial Rule 6(B)(2)." I have reviewed the "Verified Petition for Continuance" in which Wayne requested (1) a continuance of the hearing on Hanchar's motion for summary judgment, and (2) additional time to respond to the requests for admission, and I am unable to find any reference to T.R. 6(B)(2) or the concept of excusable neglect. Wayne predicated its petition on the statutory provisions of IC 1976, 2-3-5-1 (Burns Code Ed.), which requires a trial court to grant a continuance to a party whose attorney is a member of the Indiana General Assembly, and that attorney is unable to attend to the party's legal affairs because the attorney-legislator is involved in legislative matters while the General Assembly is in session. Wayne's attorney stated in the petition that he was a member of the General Assembly, and for that reason he sought additional time to respond to the requests for admission. The trial court granted Wayne's petition.

in T.R. 6(B)(2), the majority assumes that the trial court employed the excusable neglect standard in permitting Wayne to file belated responses. However, the record reveals that the parties also based their contentions on other grounds, one of which included the factors to be considered under T.R. 36(B).[2] In its memorandum of law filed with its "Motion to Reconsider Extension of Time Within Which to Respond to Requests for Admission," Hanchar contended that it would be prejudiced if the trial court permitted Wayne to file its belated responses. Hanchar asserted:

"An extension of time in which to answer the Requests for Admission is extremely prejudicial to the Plaintiff's defense to the Defendant's Counterclaim not only because of unwarranted delay, but also because of its substantial effect upon the merits of the controversy."

The issue of T.R. 6(B)(2) arose when *Hanchar* brought the rule to the trial court's attention in Hanchar's memorandum of law filed with its "Motion to Reconsider Extension of Time Within Which to Respond to Requests for Admission." Hanchar contended that Wayne failed to show "cause or excusable neglect" for the late filing. After Hanchar raised Wayne's noncompliance with T.R. 6(B)(2), this action evolved into a debate over the applicability of T.R. 6(B)(2).

It should be noted that the applicability of IC 2-3-5-1 was never raised by the parties after Wayne initially raised it in its petition. Whether IC 2-3-5-1 relieves an attorney-legislator from complying with the time requirements of the Trial Rules is an issue that neither party pursued.

I also note that Wayne's petition for a continuance or an extension of time to respond to the requests for admission properly served as a motion to withdraw deemed admissions under T.R. 36(B). Trial Rule 36(B) does not require a motion for relief under it to be denominated in any particular manner. Merely by challenging deemed admissions and asking for an extension of time to respond, a party satisfies the requirement of T.R. 36(B) that a party move to withdraw or amend deemed admissions. *See, Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, 296, n. 2. The majority in the present case also recognizes this principle by stating that the granting of an extension of time to respond "is in reality an opportunity for the party to withdraw or amend the admissions made by operation of law."

Hanchar did not elaborate upon its claim of prejudice.[3] Nevertheless, the trial court had before it an allegation of prejudice. The trial court's denial of Hanchar's motion *a fortiori* indicates that the trial court rejected the allegation and thus found that Hanchar was not prejudiced.

The finding of prejudice or the lack thereof is only one prong of the two-pronged standard for relief from deemed admissions prescribed by T.R. 36(B). The other prong requires the trial court to determine if withdrawal or amendment of deemed admissions will facilitate a just and complete resolution of the action on its merits. While the trial court failed to make an express finding on this requirement, it may be reasonably inferred that the trial court's decision to permit Wayne to respond to the requests for admission was intended to ensure that the action was to be tried on its merits. At the time Wayne sought relief from the deemed admissions, the action was still in its discovery stage. Neither party at that point had manifested a preparedness for trial. It would seem that presentation on the merits would hardly be subserved if contested issues of fact were deemed admitted, especially when the opposing party had failed to show that it would be prejudiced by permitting the filing of late responses. *See, Hadra v. Herman Blum Consulting Engineers* (N.D.Texas 1977), 74 F.R.D. 113; *Latendresse v. Latendresse* (N.D.1980), 294 N.W.2d 742. Thus, I view the second prong of T.R. 36(B) as being satisfied.

This Court's scope of appellate review is well-delineated:

"[It] must affirm a trial court's action if there is any legal ground upon the record for affirmance, even if the reason given by the trial court is erroneous."

*Thrasher v. Van Buren Township of Monroe County* (1979), Ind.App., 394 N.E.2d 215, 217, n. 1; *See also, Elmore v. City of Sullivan* (1978), Ind.App., 380 N.E.2d 108; *Board of Zoning Appeals of City of Fort Wayne v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636. Where no reason for a trial court's decision is given (and none is required by law or T.R. 52), the decision should be affirmed if it is sustainable on any theory which has a factual basis in the record and which has been addressed by the parties. In the present case, the trial court's decision to permit Wayne to file its belated responses is sustainable on the evidence presented in the record. Thus, I conclude that the trial court did not abuse its discretion in denying Hanchar's motion to reconsider and permitting the belated responses to stand.

The interrelationship of T.R. 36(B) and T.R. 6(B)(2) is in need of further comment. I agree with the majority that the concept of excusable neglect "has no bearing" on a party's ability to withdraw or amend deemed admissions. However, I disagree with the majority's reliance on *Pathman Construction Co. of Highland Park v. Drum-Co Engineering Corp.* (1980), Ind. App., 402 N.E.2d 1, to support its conclusion. In *Pathman*, the court rejected a party's attempt to use T.R. 60(B) as a vehicle to avoid deemed admissions. The court stated that T.R. 60(B) applies only to final orders, and an order either denying or granting relief from deemed admissions is not a final order, but rather an interlocutory order. The majority of this Court finds *Pathman* persuasive because T.R. 60(B) employs the concept of excusable neglect as one of its grounds for relief from a final order. From *Pathman*, the majority assumes that excusable neglect under any trial rule has no application to T.R. 36(B).

3. I am not persuaded by Hanchar's assertion in its reply brief that it "was never presented the opportunity to substantiate specific prejudice." Two hearings on Hanchar's motion were held. It may be assumed that Hanchar, as the proponent of the motion, had the opportunity to assert at the hearings any prejudice that may have existed. Hanchar also had the opportunity to assert prejudice in its memoranda. Hanc-

har took advantage of this opportunity in the memorandum discussed above.

Also in Hanchar's reply brief, Hanchar raises several claims of prejudice, such as additional expense and delay in finding Wayne's former employees and its own expert witnesses. These claims of prejudice should have been presented to the trial court.

This assumption is erroneous. I submit that the theory behind *Pathman* cannot be generalized so as to encompass all trial rules, including T.R. 6(B)(2). I find the inapplicability of T.R. 6(B)(2) to T.R. 36(B) to be based on narrower grounds.

A reading of T.R. 6(B)(2) indicates that it applies to "these rules," which may be construed as encompassing *all* of the trial rules with the exception of those trial rules which T.R. 6(B)(2) specifically exempts from its application. By express provision, T.R. 6(B)(2) exempts T.R. 50(A), T.R. 52(B), T.R. 59(C), and T.R. 60(B) from its application, but T.R. 36(B) is not mentioned. The leading commentators on the Federal Rules of Civil Procedure have discussed the applicability of Federal Rule 6(b)(2) to Federal Rule 36(b) (both of which are similar in substance to the corresponding Indiana trial rules) and have made the following observations:

> "The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer. Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(2) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." (footnotes omitted.)

8 Wright & Miller, *Federal Practice and Procedure* § 2257, at 719–20 (1970). Moore has stated:

> "It is of interest to note that Rule 36 does not require the moving party to demonstrate excusable neglect, but empowers the court to relieve him of the admission if 'presentation on the merits' will be served, and that the burden of showing prejudice is put on the party opposing the motion. This is consistent with the position taken by the Advisory Committee that admissions function very much as pleadings do." (citations omitted).

4A Moore's *Federal Practice* ¶ 36.08, at 36–78 to 36–79, n. 8 (2d ed. 1980). The District of Columbia Court of Appeals has reached a similar conclusion. It stated:

> "The rule does not impose a 'good cause' or 'excusable neglect' burden upon the moving party; rather, it focuses on the lack of prejudice to the opposing party and on the policy for furthering just and complete resolution of the merits. *See* Wright & Miller, Fed.Prac. & Proc., Civil §§ 2257, 2264 (1970) (interpreting the identical federal rule). Accordingly, unless a party demonstrates prejudice by reliance upon previous admissions, the trial court can and should extend permission to withdraw or amend. *Id. See French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1969); *Williams v. Krieger*, 61 F.D.R. [*sic*] 142, 144 (S.D.N.Y.1973); *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 3 (D.Mo.1973)."

*Marshall v. District of Columbia* (1978), D.C.App., 391 A.2d 1374, 1379. In *Marshall*, the court found the defendant's neglect in filing timely responses to requests for admission to have been unexcusable. Nevertheless, the court determined that the opposing party was not prejudiced by the belated responses, and it thus permitted the defendant to withdraw the deemed admissions.

I conclude that the time enlargement provision of T.R. 6(B)(2) has no application to T.R. 36(B) because T.R. 36(B) contains its own provision for relief from deemed admissions.[4] The parties to the present case

---

4. The time enlargement provision of T.R. 6(B)(1) appears to apply to T.R. 36(A) when a party, *before* the specified time for response has run, seeks an extension of time in which to respond to requests for admission. *See,* 4 Wright & Miller, *Federal Practice and Procedure* § 1166, at 628 (1970); 2 *Moore's Federal Practice* ¶ 6.07[1], at 1500.64 (1980).

should not have detoured from the well-marked road of T.R. 36(B) and ventured onto the back roads of T.R. 6(B)(2). Now, it is the function of this Court to direct them back to trial. Unfortunately, the majority has returned the parties to their point of origin. I believe a sufficient basis exists in the record to affirm the trial court's decision so this action may proceed directly to a trial on its merits.