

IN THE

# Court of Appeals of Indiana

Shauntelle Esposito,

*Appellant-Plaintiff*



FILED

Jun 26 2024, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Barry Eppley, M.D., Dawn Fox, M.A., and Eppley Plastic Surgery P.C.,

*Appellees-Defendants*

---

June 26, 2024

Court of Appeals Case No.
23A-CT-1488

Appeal from the Hamilton Superior Court

The Honorable Michael A. Casati, Judge

Trial Court Cause No. 29D01-2211-CT-8844

---

**Opinion by Judge Foley**
Judges Riley and Brown concur.

**Foley, Judge.**

[1] Shauntelle Esposito ("Esposito") appeals from the trial court's order granting summary judgment in favor of Barry Eppley, M.D. ("Eppley"), Dawn Fox, M.A. ("Fox"), and Eppley Plastic Surgery P.C. (together, "Defendants") on Esposito's medical malpractice case. Esposito argues that the trial court erred in the grant of summary judgment for Defendants and raises the following issues for our review:

    I. Whether the trial court erred when it found that Esposito's expert was not qualified to render opinions regarding the standard of care at issue in this case and therefore granted summary judgment; and

    II. Whether the trial court erred when it denied Esposito's motion to withdraw her admissions and therefore granted summary judgment.

[2] We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[3] In April 2019, Esposito underwent several plastic surgery procedures with Defendants, including a right hip implant. On September 24, 2020, Esposito filed a Proposed Complaint for Damages with the Indiana Department of Insurance regarding her medical care with Defendants. The matter proceeded before a Medical Review Panel ("the Panel") which rendered its unanimous opinion on August 24, 2022, that the evidence did not support the conclusion

that "Defendants failed to meet the applicable standard of care as charged in the complaint." Appellee's App. Vol. 2 pp. 18–21.

[4] On November 8, 2022, Esposito filed her Complaint for Damages in Hamilton Superior Court, alleging that Defendants deviated from the applicable standard of care and as a result of this negligence, Esposito suffered damages. On November 15, 2022, Defendants filed a motion for summary judgment ("First Summary Judgment Motion"), designating the opinion of the Panel and Esposito's two complaints as evidence in support of the motion for summary judgment. On December 8, 2022, Defendants electronically served Esposito with Requests for Admission ("the RFA"). Under Indiana Trial Rule 36, Esposito was required to respond to or object to the RFA on or before January 9, 2023. No response or objection to the RFA was received by that date.

[5] On January 10, 2023, Esposito's counsel, through her paralegal, emailed counsel for Defendants to inquire as to whether Defendants would object to a third extension of time in which to respond to the First Summary Judgment Motion. Defendants' counsel responded that she did object to any further extensions, and also stated that Esposito's RFA responses had been due the day before. The paralegal responded to say the RFA responses had been placed in the mail the previous day, January 9, because counsel had been experiencing issues with their scanner. Defendants' counsel replied since the discovery was served via the Indiana E-Filing System, she could see that opposing counsel had accessed the RFA for the first time just minutes prior. The paralegal then indicated there was a misunderstanding and that the RFA responses were

actually being mailed that day, January 10, 2023, and attached an electronic version of such, which objected to each request.[1]

[6] On January 13, 2023, Defendants filed a second motion for summary judgment ("Second Summary Judgment Motion") and designated the deemed admitted RFA and email communications between the parties' attorneys regarding the RFA as evidence in support of this Second Summary Judgment Motion. On January 31, 2023, Esposito filed her response to the First Summary Judgment Motion and designated her two complaints, the opinion of the Panel, and the affidavit and Curriculum Vitae ("CV") of Dr. Steven Burres ("Dr. Burres") as evidence to support her objection to summary judgment. On February 10, 2023, Esposito filed her response to the Second Summary Judgment Motion. The trial court held a hearing on the motions for summary judgment on April 26, 2023. On May 1, 2023, the trial court issued an order granting both of Defendants' motions for summary judgment.

[7] On June 1, 2023, Esposito filed a Motion to Correct Error and a Motion to Withdraw Inadvertent Admissions, seeking the trial court to reverse its grant of summary judgment to Defendants and to allow withdrawal of her deemed admissions to the RFA. Defendants filed a response, and on June 5, 2023, the

---

[1] As of the date of the hearing on the summary judgment motions, April 26, 2023, Defendants still had not received the RFA responses that were purportedly placed in the mail on January 10, 2023.

trial court issued an order denying both of Esposito's motions. Esposito now appeals.

## Discussion and Decision

"We review the trial court's summary judgment decision de novo." *Z.D. v. Cmty. Health Network, Inc.*, 217 N.E.3d 527, 531 (Ind. 2023). A party is entitled to summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A genuine issue of material fact exists when there is 'contrary evidence showing differing accounts of the truth,' or when 'conflicting reasonable inferences' may be drawn from the parties' consistent accounts and resolution of that conflict will affect the outcome of a claim." *Z.D.*, 217 N.E.3d at 532 (quoting *Wilkes v. Celadon Grp., Inc.*, 177 N.E.3d 786, 789 (Ind. 2021)). "In viewing the matter through the same lens as the trial court, we construe all designated evidence and reasonable inferences therefrom in favor of the non-moving party." *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 912 (Ind. 2017). Moreover, although "[t]he party appealing the trial court's summary judgment determination bears the burden of persuading us the ruling was erroneous," *id.* at 913, "we carefully scrutinize that determination" to ensure that no party was "improperly prevented from having [their] day in court," *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 908 (Ind. 2001). Further, "[i]f there is any doubt, the motion should be resolved in favor of the party opposing the motion." *Mullin v. Municipal City of S. Bend*, 639 N.E.2d 278, 281 (Ind. 1994).

[9] Esposito's claims against Defendants are based in medical malpractice, alleging that Defendants owed her a standard of care in her medical care that Defendants breached, causing her damages. The elements of a medical-malpractice claim are "'(1) that the physician owed a duty to the plaintiff; (2) that the physician breached that duty; and (3) that the breach proximately caused the plaintiff's injuries.'" *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016) (quoting *Mayhue v. Sparkman*, 653 N.E.2d 1384, 1386 (Ind. 1995)). In medical malpractice cases, a unanimous opinion of the medical review panel that the physician did not breach the applicable standard of care is ordinarily sufficient to establish prima facie evidence negating the existence of a genuine issue of material fact entitling the physician to summary judgment. *Stafford v. Szymanowski*, 31 N.E.3d 959, 961 (Ind. 2015). Thereafter, the burden shifts to the plaintiff, who may rebut with expert testimony. *Id.* "Failure to provide expert testimony will usually subject the plaintiff's claim to summary disposition." *Bhatia v. Kollipara*, 916 N.E.2d 242, 246 (Ind. Ct. App. 2009).

## I.    Expert Affidavit

[10] Esposito argues that the trial court erred when it found that Dr. Burres was not qualified to render opinions as to the standard of care in the present case, therefore excluding his affidavit and finding that Esposito failed to counter the Panel's opinion, which resulted in a grant of summary judgment in favor of Defendants. Esposito contends that the affidavit of Dr. Burres was sufficient to create an issue of fact. Defendants counter that Dr. Burres failed to show that he was a qualified expert on the standard of care at issue in this case because he

did not establish that he was familiar with the standard of care for the actual procedure at issue, a hip implant.

[11] Evidentiary rulings, including a decision to exclude expert testimony, lie solely within the discretion of the trial court and will be reversed only for an abuse of discretion. *Estate of Borgwald v. Old Nat'l Bank*, 12 N.E.3d 252, 256 (Ind. Ct. App. 2014). Affidavits presented on summary judgment must "set forth such facts as would be admissible in evidence." T.R. 56(E). Therefore, such affidavits must comply with the requirements for expert testimony in Indiana Evidence Rule 702. Under Rule 702(a), "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." An expert witness must meet two requirements to testify: (1) "'the subject matter must be distinctly related to some scientific field, business, or profession beyond the knowledge of the average person'"; and (2) "'the witness must have sufficient skill, knowledge, or experience in that area so that the opinion will aid the trier of fact.'" *Summerhill v. Klauer*, 49 N.E.3d 175, 180 (Ind. Ct. App. 2015) (quoting *Turner v. State*, 720 N.E.2d 440, 444 (Ind. Ct. App. 1999)). "Once the admissibility of the expert's opinion is established under Rule 702, 'then the accuracy, consistency, and credibility of the expert's opinions may properly be left to vigorous cross-examination, presentation of contrary evidence, argument of counsel, and resolution by the trier of fact.'" *Estate of Borgwald*, 12 N.E.3d at 257 (quoting *Sears Roebuck & Co.*

*v. Manuilov*, 742 N.E.2d 453, 460 (Ind. 2001)). Questions of medical causation of a particular injury are questions of science that are dependent on the testimony of physicians and surgeons learned in such matters. *Goodwin v. Toney*, 203 N.E.3d 481, 486 (Ind. Ct. App. 2022) (citations omitted), *trans. denied*.

[12] Our Supreme Court has explained that the trial court is "the gatekeeper for expert opinion evidence" and must apply Rule 702(b) to "weed out unreliable 'junk science' from reliable scientific evidence." *Doe v. Shults-Lewis Child & Fam. Servs., Inc.*, 718 N.E.2d 738, 750 (Ind. 1999). At the summary-judgment stage, an expert need only provide the trial court "with enough information to proceed with a reasonable amount of confidence that the principles used to form the opinion are reliable." *Id.* at 750–51. A medical expert's affidavit "must set forth that the expert is familiar with the proper standard of care under the same or similar circumstances, what that standard of care is, and that the defendant's treatment of the plaintiff fell below that standard of care." *Lusk v. Swanson,* 753 N.E.2d 748, 753 (Ind. Ct. App. 2001), *trans. denied*.

[13] Here, the trial court found that Dr. Burres's knowledge, training, and experience involved otolaryngology and head and neck surgeries, and his affidavit and CV failed to establish that he was familiar with the standard of care for the procedure at issue in this case. The trial court therefore found that while Dr. Burres may be an expert on procedures involving the ear, nose, throat, head, neck, and face, Esposito had not established that Dr. Burres was qualified to render opinions regarding the care at issue in this case and had

failed to provide the requisite expert testimony necessary to counter the Panel's opinion that Defendants did not breach the standard of care.

[14] On appeal, Defendants argue that the trial court properly excluded Dr. Burres's affidavit because in order to rebut the Panel's opinion, Dr. Burres's opinion required specialist expertise or experience with hip implants and the standard of care appliable to such procedure, which his affidavit did not explicitly state he possessed. However, as our Supreme Court recently noted, Indiana caselaw has not demanded specialist medical qualifications from experts who possess demonstrable professional knowledge of the relevant medical matters. *See Bennett v. Richmond*, 960 N.E.2d 782, 789–90, 791 (Ind. 2012) (permitting a clinical psychologist to testify on the cause of a brain injury); *McIntosh v. Cummins*, 759 N.E.2d 1180, 1184–85 (Ind. Ct. App. 2001) (citing *Snyder v. Cobb*, 638 N.E.2d 442, 446 (Ind. Ct. App. 1994), *trans. denied*) (permitting a family practitioner to testify on an orthopedic surgeon's standard of care), *trans. denied*.

[15] Although Defendants are correct in their contention that the mere fact that Dr. Burres is a physician was not sufficient to qualify him as an expert who possesses sufficient knowledge of the relevant medical matter, Dr. Burres's affidavit and CV designated by Esposito revealed that Dr. Burres possessed sufficient knowledge, training, and experience to provide expert testimony on the matter at hand. Dr. Burres states in his affidavit and CV he graduated from the University of Chicago-Pritzker School of Medicine and is Board Certified in the American Academy of Otolaryngology/Head and Neck Surgery and in the American Academy of Facial Plastic and Reconstructive Surgery. Dr. Burres

stated that he has performed procedures related to ear, nose, and throat as well as facial plastic and cosmetic procedures. He further stated that based on his knowledge, training, and experience, he is familiar with the applicable standard of care of a plastic surgeon in the same or similar circumstances as Dr. Eppley and is therefore competent to render an opinion on the breaches of the standard of care and injuries suffered by Esposito. In this case, Dr. Burres will testify about the applicable standard of care of a plastic surgeon, how to appropriately treat infections, the standard of care applicable for post-operative care and how Defendants breached such standard of care, and the injuries and damages suffered by Esposito as a result of this breach. We conclude that Dr. Burres's training and experience in the area of plastic surgery and treatment of infections and post-operative care of plastic surgical procedures was sufficient to qualify him as an expert under Evidence Rule 702, and the trial court abused its discretion when it excluded his affidavit. Because it was an abuse of discretion to exclude this evidence, the expert evidence designated by Esposito was sufficient to create a genuine issue of material fact. The trial court therefore erred when it granted summary judgment in favor of Defendants on the basis that Esposito had failed to counter the Panel's opinion that Defendants had not breached the applicable standard of care.

[16] However, we do note that Esposito's complaint contained allegations against Fox, a medical assistant who assisted Dr. Eppley in the care of Esposito and alleged that Fox also failed to comply with the applicable standard of care. The Panel's opinion finding that the evidence did not support the conclusion that

Defendants failed to meet the applicable standard of care as charged in the complaint included Fox as one of the named Defendants. Nonetheless, Dr. Burres's affidavit does not mention Fox or make any statements regarding his opinion as to whether Fox breached the applicable standard of care. We, therefore, conclude that, although Dr. Burres's training and experience was sufficient to qualify him as an expert under Evidence Rule 702 and was sufficient to counter the Panel's opinion as to Dr. Eppley, the affidavit was silent as to Fox, and was thus, not sufficient to counter the Panel's opinion as to Fox. Consequently, we conclude that the trial court did not err when it granted summary judgment in favor of Fox.

## II.   Requests for Admission

Esposito next argues that the trial court erred when it granted summary judgment based on the deemed admitted RFA. Specifically, she claims that it was an abuse of discretion for the trial court to deny her motion to withdraw the admissions. Esposito contends that her admissions were inadvertent in that, although they were one day late, she did not intentionally answer the requests in an untimely fashion. Further, she maintains that Defendants' RFA called for expert opinions on the ultimate issue, and at the point the RFA were due, she was not equipped to answer them and was not yet required to come forward with her expert affidavit until her response to the First Summary Judgment Motion, which was not due until February 1, 2023.

Under Trial Rule 36(A), a party may serve upon any other party a written request for the admission of the truth of any matters covered under Indiana

Trial Rule 26(B), which governs the scope of discovery. "The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof . . ., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Ind. Trial Rule 36(A). Under Trial Rule 36(A), "the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law." *City of Muncie v. Peters*, 709 N.E.2d 50, 54 (Ind. Ct. App. 1999) (citing *Corby v. Swank*, 670 N.E.2d 1322, 1324 (Ind. Ct. App. 1996)), *trans. denied*.

[19] Here, on December 8, 2022, Defendants electronically served Esposito with the RFA. Under Indiana Trial Rule 36, Esposito was required to respond to or object to the RFA on or before January 9, 2023. No response or objection to the RFA was received by that date. Instead, on January 10, 2023, Esposito's counsel, through her paralegal, emailed counsel for Defendants to inquire as to whether Defendants would object to a third extension of time in which to respond to the First Summary Judgment Motion. After Defendants' counsel voiced her objection to any further extensions, she stated that Esposito's RFA responses had been due the day before. The paralegal responded that the RFA responses had been placed in the mail the previous day, January 9, because counsel had been experiencing issues with their scanner. However, Defendants' counsel observed that in looking at the Indiana E-Filing System, counsel could see that Esposito's counsel had accessed the RFA for the first

time just minutes prior. The paralegal indicated there was a misunderstanding and that the RFA responses were actually being mailed that day, January 10, 2023, and attached an electronic version of such. Therefore, because the RFA were not answered or objected to within thirty days of service, they were deemed admitted pursuant to Trial Rule 36(A).

[20] However, a party who made admissions by failing to respond may move to withdraw those admissions pursuant to T.R. 36(B). *Larson v. Karagan*, 979 N.E.2d 655, 660 (Ind. Ct. App. 2012). The trial court may grant a motion to withdraw admissions if it determines: (1) withdrawal or amendment will subserve the presentation of the merits, and (2) prejudice in maintaining the action or defense will not result to the party that obtained the admission. *Id*. The party seeking withdrawal has the burden of demonstrating the presentation of the merits will be subserved by withdrawal, and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. T.R. 36(B). "Even if both of these conditions are satisfied, the rule does not compel the trial court to grant a request to withdraw admissions; rather, the court may, in its discretion, permit withdrawal." *Larson*, 979 N.E.2d at 660. We will reverse the grant or denial of a motion to withdraw admissions only for an abuse of discretion. *Id*.

[21] As a result of Esposito's failure to respond to Defendants' RFA, such were deemed admitted under Trial Rule 36(A). Matters admitted are deemed conclusively established unless the trial court permits withdrawal or amendment of the admission. T.R. 36(B); *Gen. Motors Corp., Chevrolet Motor*

*Div. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 888–89 (Ind. 1991). "'Trial Rule 36(B) does not require a motion for relief under it to be denominated in any particular manner.'" *Kerkhof v. Kerkhof*, 703 N.E.2d 1108, 1113 (Ind. Ct. App. 1998) (quoting *Hanchar Indus. Waste Mgmt., Inc. v. Wayne Reclamation & Recycling, Inc.*, 418 N.E.2d 268, 271 n.2 (Ind. Ct. App. 1981) (Staton, J., concurring in part, dissenting in part)). The requirement of Trial Rule 36(B) that the party move to withdraw or amend deemed admissions can be accomplished "[m]erely by challenging deemed admissions and asking for an extension of time to respond." *Id*. (citing *Hanchar,* 418 N.E.2d at 271 n.2).

[22] Here, although Esposito did not file any motion specifically denominated as a motion to withdraw the admissions prior to the trial court's order granting summary judgment, in her response to Defendants' Second Summary Judgment Motion, she specifically requested that the trial court "not deem" the RFA admitted and that deeming the RFA admitted would cause "extreme prejudice" to her, specifically noting that the RFA requests required an expert opinion to answer and that, at the time the RFA were deemed admitted, she was not yet required to file her expert affidavit. Appellant's App. Vol. V pp. 25, 30. Further, her response to the Second Summary Judgment Motion contained assertions that this premature request for information that only an expert could provide went to the heart of her allegations against Defendants, thus deeming the RFA admitted prior to her deadline to file an expert affidavit would be extremely prejudicial and subserve the presentation of the merits in her case. Although not referring to Trial Rule 36(B) or setting out the language of the

rule, we conclude that Esposito's request was sufficient to establish that she was challenging the deemed admissions. Accordingly, we find that Esposito established that the withdrawal of the admissions subserved the presentation of the merits in this case.

[23] Trial Rule 36(B) provides a defense against the withdrawal of deemed admissions: the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. T.R. 36(B). "'[P]rejudice' does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case." *Costello v. Zavodnik*, 55 N.E.3d 348, 352–53 (Ind. Ct. App. 2016) (quoting *Corby*, 670 N.E.2d at 1326). "For example, prejudice under the rule may be shown where the party obtaining the admission is unable to produce key witnesses or present important evidence." *Peters*, 709 N.E.2d at 55.

[24] Here, at no point in their responses to the trial court did Defendants claim that they will be prejudiced by the withdrawal of Esposito's admissions. In fact, even on appeal, Defendants do not make any argument regarding how they would be prejudiced if the trial court had allowed the admissions to be withdrawn. The facts of this case belie that Defendants would have been prejudiced if the trial court had allowed the admissions to be withdrawn. While it is true that Esposito did not answer the RFA before the due date of January 9, 2023, she claims that missing the deadline was inadvertent, and she provided her answers to Defendants on January 10, 2023, only one day after the

deadline. At the time that Esposito filed her challenge to the admissions, a trial date had not yet been set, and the case had been pending for only three months. Therefore, at that time, there would have been no delay in the case or additional cost or burden to Defendants, and no prejudice to Defendants was shown if the admissions had been withdrawn.

[25] "Trial Rule 36 is part of an overarching preference of our court system" to resolve cases on the merits when possible. *Garrett v. Nissan of Lafayette, LLC*, 216 N.E.3d 496, 503 (Ind. Ct. App. 2023). The rule seeks to streamline the process by allowing parties to essentially stipulate to matters which are not seriously in dispute, like the authenticity of an exhibit. *Id.* But, here, Defendants' RFA were employed as an increasingly frequent tactic entirely at odds with the spirit of the rule—in the hopes that the opposing party "would not respond, rendering the matters admitted by operation of Rule 36." *Costello*, 55 N.E.3d at 353. Thus, the objective of the admissions sought was not to streamline the process of arriving at a final judgment on the merits, but instead, the admissions sought here were basically an attempt to get Esposito to admit the ultimate legal questions.[2] We conclude that Esposito did, therefore, establish that the presentation on the merits would be subserved if contested issues of fact were

---

[2] Here, the RFA specifically requested admissions that Defendants complied with the standard of care in the treatment of Esposito, that Esposito did not sustain any damages as a result of any act or omission by Defendants, that Esposito could not state through expert testimony that Defendants deviated from the applicable standard of care or that any act or omission by Defendants caused or contributed to any injury to Esposito, that no healthcare provider had been critical of the care or services that Defendants provided to Esposito, and that Defendants met all applicable standards of care with regard to the care and treatment provided to Esposito. *See* Appellees' App. Vol. 2 pp. 33–35.

allowed to be withdrawn, and Defendants did not show any prejudice if the admissions were withdrawn. The trial court abused its discretion in not withdrawing the admissions. If the admissions had been withdrawn, genuine issues of material fact would have existed as to the allegations contained in Esposito's complaint. The trial court therefore erred when it granted summary judgment based on the deemed admitted RFA. Accordingly, we reverse the trial court's order granting summary judgment and remand for further proceedings.

## Conclusion

The trial court abused its discretion in excluding Dr. Burres's expert affidavit and in denying Esposito's motion to withdraw admissions. We, therefore, conclude that a genuine issue of material fact exists as to whether Eppley and Eppley Plastic Surgery, P.C. were negligent in the care of Esposito, and that the trial court erred in granting summary judgment in favor of those two parties. We, therefore, reverse summary judgment as to Eppley and Eppley Plastic Surgery, P.C. but affirm summary judgment as to Fox.

Affirmed in part, reversed in part, and remanded.

Riley, J., and Brown, J., concur.

ATTORNEYS FOR APPELLANT
Rhonda L. Wood
David W. Stewart

Stewart Phelps Wood Injury Lawyers
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Patricia B. Freije
Stoll Keenon Ogden PLLC
Indianapolis, Indiana