## WARNER GEAR COMPANY v. DePeugh.

[No. 9,828.   Filed May 28, 1919.]

1. EVIDENCE.—*Admissions.*—*Declaration Against Interest.*—*Admissibility.*—In an action for personal injuries, plaintiff's statement, "it was all my fault," made shortly after the accident resulting in the injuries complained of, was competent as an admission against interest. p. 265.

2. EVIDENCE.—*Admissions.*—*Weight and Effect.*—*Questions for Jury.*—Admissions when proved to have been made are to be considered and weighed the same as other evidence, and the effect of the circumstances under which the admissions were made is to be determined by the jury. p. 265.

3. APPEAL.—*Review.*—*Instructions.*—*Invading Province of Jury.*—*Reversal.*—On a servant's action for personal injuries brought under the Employers' Liability Act (Acts 1911 p. 145, §8020a et seq. Burns 1914), an instruction that plaintiff's statement, "it was all my fault," made shortly after the accident, was only a conclusion not amounting to an admission of negligence, was erroneous as invading the province of the jury, and such error warrants a reversal where the court on appeal cannot say that a correct result was reached at the trial. p. 266.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by George DePeugh against the Warner Gear Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Taylor, Carter & Wright,* for appellant.

*Edward R. Templer* and *Wilbur Ryman,* for appellee.

REMY, J.—On August 20, 1915, while appellee was in the employ of appellant company in the enameling department of its factory, he received certain personal injuries, and later commenced this action for damages, charging that his injuries were the result

of appellant's negligence. The action is brought under the Employers' Liability Act of 1911. Acts 1911 p. 145, §8020a *et seq.* Burns 1914. Upon the issues presented by appellee's second paragraph of complaint and appellant's answer in denial thereto, the cause was submitted to the court and jury, resulting in a verdict for appellee. The overruling of the motion for a new trial is the only error assigned.

The motion for a new trial contains numerous specifications, but, in our view of the case, it is only necessary to consider that relating to the action of the court in giving to the jury on its motion instruction No. 22, which is as follows: "Some evidence has been introduced before you of alleged admissions of the plaintiff wherein it is claimed that the plaintiff, speaking of his alleged injuries, and as to how the injury occurred, said, among other things, that it was all his fault. The court instructs you that if you believe from the evidence that the plaintiff made use of some expression that 'it was all my fault,' such expression was only a conclusion of the plaintiff and not the statement of a fact and would not amount to an admission of negligence."

Some witnesses had testified that shortly after the accident which resulted in the injuries complained of appellee stated, "it was all my fault." This admission or declaration being against interest, and being related to a matter material to the issue, was admissible in evidence. *Peterson* v. *Silver Peak Min. Co.* (1914), 37 Nev. 117, 140 Pac. 519, and cases cited. Admissions, when proved to have been made, are to be considered and weighed precisely as other evidence. The weight of such evidence depends upon its character and the cir-

cumstances under which the admissions were made, and the effect of such circumstances is to be determined by the jury. 17 Cyc 814. See also *Finch* v. *Bergins* (1883), 89 Ind. 360; *Newman* v. *Hazelrigg* (1884), 96 Ind. 73; *Kauffman* v. *Maier* (1892), 94 Cal. 269, 29 Pac. 481, 18 L. R. A. 124. By the instruction complained of the jury were told that the statement, if made by appellee, would not under any circumstances amount to an admission of negligence. This was clearly an invasion of the province of the jury; and, in view of the fact that, as shown by the record, there were irregularities in the trial of the cause which may have prejudiced the rights of appellant, and since there was a sharp conflict in the evidence, we cannot say that the correct result was reached, and that the error in the giving of the instruction was harmless.

Appellant has presented other questions for our consideration; but, inasmuch as they involve matters not likely to arise in another trial of the cause, we do not deem it necessary to consider them in this opinion. Judgment reversed, with instructions to grant a new trial.

Nichols, J., not participating.