GRONINGER ET AL. *v.* FLETCHER TRUST COMPANY

[No. 27,629. Filed April 23, 1942. Rehearing denied May 25, 1942.]

*Henry M. Dowling,* of Indianapolis, for appellants.

*Frank C. Dailey, George S. Dailey, Perry E. O'Neal* and *Robert A. Efroymson,* all of Indianapolis (*Donald S. Morris,* of Indianapolis, of counsel), for appellee.

*Edwin Steers,* of Indianapolis, Indiana State Bar Association.

*Thompson & Smith,* of Indianapolis, amicus curiae.

FANSLER, J.—This is an action by the appellants, practicing lawyers, brought as a class suit for themselves and all practicing lawyers, seeking to enjoin the appellee from performing certain acts which the appellants claim constitute practicing law. An amicus

curiae brief, supporting appellants' position, has been filed by the Indiana State Bar Association. The case was tried upon an agreed statement of facts, and there was judgment for the defendant.

Error assigned questions the correctness of the judgment upon the undisputed facts. No question is raised concerning the capacity of the plaintiffs to maintain the action.

It was stipulated that the defendant is a corporation, organized under the laws of this State relating to trust companies; that it has in its regular employ three lawyers, who are admitted to practice and who are members of the bar of the courts of this State; and that it solicits and advertises its desire for appointment as executor and trustee.

The appellee is authorized by statute to act as executor, administrator, guardian, and trustee, and to execute all such trusts, and the controversy arises out of its activity in connection with the establishment and execution of such trusts. It is stipulated that the appellee does not, through its regularly employed attorneys or otherwise, engage in any activities which are charged to constitute practicing law, except in connection with trusts in which it is the executor, administrator, guardian, or trustee. In the preparation of wills and other trust instruments in which it is named as trustee, it participates only to the extent of collaborating and advising with an attorney not in its regular employ, and selected by the testator or trustor, with the exception that it sometimes makes minor changes in wills or trust instruments already prepared, at the request of the testator or trustor; and that where it contracts to become the trustee in revocable trusts involving the collection, investment, or distribution of funds, where the transaction is routine and not involved, contracts

are prepared by the defendant without the cooperation of attorneys not in its regular employ. In all litigation and all matters of importance involving complicated legal questions it retains counsel not in its regular employ. No charge is made or fees collected or received by the appellee for the preparation of any instrument or for legal services furnished through its regularly employed staff of attorneys, and the fees for its services as a fiduciary are in no case different or higher than if the services had been rendered by other attorneys not in the appellee's employ.

The appellee is a corporation, and, of course, in all of its transactions, it acts through some natural person or persons. As we understand appellants' contention, it is not that the appellee procures laymen who are not practicing attorneys to perform services which constitute practicing law, nor is it contended that the appellee charges, collects, or receives any fees or emoluments for services rendered by practicing attorneys who are in its regular employ. It is the contention that the use of appellee's regularly employed attorneys, rather than outside attorneys employed at the expense of the trust, constitutes the illegal practice of law.

The appellee does not contend that it has the right to engage in the practice of law. It does contend that, under the stipulated facts, it is not engaged in practicing law.

We find no reason or authority for holding that a trust company, authorized by law to act as executor, administrator, guardian, or trustee, may not execute such trusts in the same manner and through the same agencies that may be resorted to by a natural person in the same situation, except, of course, that a natural person may act in *propria persona*, while a corporation must act through some

natural person. If a natural person, who is not admitted to practice law, may do the things which the appellee has done without illegally practicing law, so can the trust company. If it is unwise to permit a corporation to act in a fiduciary capacity, the remedy is with the Legislature and not with the courts.

The practice of law is restricted to natural persons who have been licensed upon the basis of established character and competence as a protection to the public against lack of knowledge, skill, integrity, and fidelity. Disbarment procedure is available in the case of those who do not conform to proper practice. The practice of law involves advising or rendering services for another. A natural person may plead his own case in court or do any of the things for himself which if done for another would constitute practicing law. He may discuss the legal aspects of his affairs with other interested parties or with strangers. Either a natural person or a corporation may employ lawyers to do these things.

A corporation may choose its own attorney as freely as a natural person may do so. Where the services of an attorney are necessary in the execution of a trust, the trustee is charged with the responsibility of selecting an attorney and with the duty to exercise reasonable care in the selection, and a corporate fiduciary has the same duty and the same right as a natural person. A natural person acting as executor, administrator, guardian, or trustee, may choose his own personal attorney, employed by him on an annual salary basis, to perform services for his trust, without expense to the trust, or he may employ such a personal attorney at the expense of the trust, or he may employ some attorney with whom he has no business or professional connection. No reason is

seen why a corporate fiduciary may not do the same. It is argued that one who is the regular attorney for a trust company will be more loyal to his employer than to the trust for which he is rendering legal services at the instance of his employer. But this assumes that there is a conflict of interest; that the fiduciary has some interest which conflicts with the interest of the trust. In such cases, of course, neither the fiduciary nor the attorney for the fiduciary should act for the trust, and courts will see that in such cases disinterested persons are appointed to represent the trust. These situations may arise regardless of whether the fiduciary is a corporation or a natural person, and the same rule applies in either case, but, under the stipulated facts before us, there is no suggestion that the appellee acts, or seeks to act, for any trust in any matter in which it is adversely interested.

The appellee furnishes to its customers pamphlets descriptive of tax laws, state and national, with illustrations indicating tax liability under given circumstances, and the proper method of making tax returns. It sometimes acts through its employees who are not lawyers, in arriving at proper computations and agreements with ministerial taxing officers. It cannot be seriously contended that these activities constitute an unlawful practice of law.

We find nothing in the facts stipulated to justify a conclusion that the appellee is practicing law. In the following cases the same conclusion was reached upon comparable facts: *Merrick* v. *American Security & Trust Co.* (1940), 107 F. (2d) 271; *Detroit Bar Ass'n* v. *Trust Co.* (1937), 282 Mich. 216, 707, 276 N. W. 365, 281 N. W. 432; *Judd* v. *Tr. & Sav. Bank* (1937), 133 Ohio St. 81, 12 N. E. (2d) 288.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 140.