Michael P. GRACE, II, et al., Appellants,

v.

Charles B. ALLEN et al., Appellees.

No. 16760.

Court of Civil Appeals of Texas.

Dallas.

July 8, 1966.

Rehearing Denied Oct. 7, 1966.

Richard S. Chambers, Dallas, for appellants.

Edward B. Winn, of Lane, Savage, Counts & Winn, Dallas, for appellees.

BATEMAN, Justice.

This is a suit to recover the value of accountants' services performed. The appellees, residents of New York, rendered the services in New York to the appellants, who were then residents of New York but who subsequently moved to Dallas, Texas, where they were sued. Appellants pled, *inter alia,* that appellees were not entitled to recover because their alleged services constituted the unauthorized practice of law. The jury fixed the value of the services at $8,400 and found that appellees were also entitled to a reasonable attorney's fee in the sum of $4,200. The trial court rendered judgment for appellees for the total of $12,600, and appellants appeal on two points of error.

The first of these is that the court erred in holding as a matter of law that the services rendered by appellees did not constitute the practice of law. Appellants assert that under the circumstances New York law should control in the determination of that question. Appellees contend that their services in question did not constitute the practice of law, even under the New York law, and that in any event such services were within the purview of the federal law and Treasury Department regulations; that although not members of the Bar, they were

licensed to practice before the Treasury Department, that everything they did was pursuant to and in accordance with that license, and that if their services were proscribed under New York law they were fully authorized by the federal law and Treasury regulations and, therefore, lawful. The defense in question was on motion kept from the jury, and the court resolved it in favor of appellees as a matter of law.

There is no substantial dispute as to the facts. Appellees were both licensed public accountants, one of them being certified, and both were admitted to practice before the Treasury Department, although neither of them was a lawyer. Both of them had been employed by the Internal Revenue Service for a number of years before entering private practice. Although the appellees had not prepared the appellants' income tax returns for the years 1955, 1956, 1957 and 1958, when the Internal Revenue Service assessed additional taxes for those years they were employed to work with appellants' attorneys in New York City in the preparation and presentation of a protest of such assessment. They did so, and it is these services which appellants say constituted the unauthorized practice of law, pointing out that one of the appellees testified that "complicated issues" were involved, that the protest cited numerous cases as authority for the position they were taking, some of which cases had been discussed with the lawyers but some of which had been found as a result of research by the appellee Brown. Appellees had prepared in their office several Forms 872, "Consent to Extension of the Statute of Limitations," also memoranda used and presented in various conferences, with representatives of the Internal Revenue Service. Appellees conferred frequently with appellants' attorneys and kept them advised by telephone and mail as to audits by the Internal Revenue Service and the preparation of the protest. The attorneys participated and cooperated in the preparation of the protest and in conferences with the Internal Revenue Service examining agent and conference

coordinator. Appellees also prepared a power of attorney authorizing the attorneys to act for appellees in connection with audits of appellants' tax returns. Appellants employed appellees to prepare and file their Federal and New York State income tax returns for 1960 and their declarations of estimated income tax (Federal and State) for 1961; also to maintain appellants' proper books and records therefor.

To support their position that under New York law the work done by appellees constituted unauthorized law practice, appellants rely wholly on the case of In the Matter of New York County Lawyers Association (Bernard Bercu, Respondent), 273 App.Div. 524, 78 N.Y.S.2d 209, 9 A.L.R.2d 787. In that case the Association sought to punish Bercu, an accountant, for contempt and to enjoin him from practicing law. It was shown that Croft Steel Products, Inc. had sought and obtained his advice in connection with its liability for certain New York City taxes and Federal income taxes. Bercu was not the auditor for the company, nor did he prepare its tax returns or do any work of any kind on its books; all he did was render a written opinion on the legal question of tax liability. He admitted that this was not an isolated instance of its kind and that he often gave advice of the same character without examining books or preparing tax returns. The court pointed out that the decision was made difficult because of the overlapping of law and accounting, that an accountant must be familiar to a considerable extent with tax law and must employ his knowledge of the law in his accounting practice, and that a tax lawyer must have an understanding of accounting. The court recognized that an accountant employed to keep a taxpayer's books or prepare his tax returns would be expected and permitted to answer legal questions arising out of and incidental to the accounting work. The court also recognized that the matter of taxation, "which permeates almost every phase of modern life, is so inextricably interwoven with nearly every branch of law that one could hardly pick any tax

*problem* and say this is a question of pure taxation or pure tax law wholly unconnected with other legal principles, incidents or ramifications." Recognizing the necessity of drawing a line of demarcation between the work of the tax lawyer and that of the tax accountant, the court said, " * * * the point at which it must be drawn, at very least, is where the accountant or non-lawyer undertakes to pass upon a legal question apart from the regular pursuit of his calling." Since Bercu's advice concerning the law was not incidental to any accounting work done by him for Croft Steel Products, Inc., it was held that he was unlawfully practicing law.

However, in the case at bar it is not shown that appellants consulted appellees or sought or obtained their opinion on any legal subject that was not incidental to their accounting work. Appellees were preparing the appellants' 1960 income tax returns and were the regular accountants for appellants. They were also doing accounting work in reviewing and classifying the great volume of papers and records of appellants necessary to the preparation of the protest of the tax assessment and to enable them to discuss with the Revenue Agents the asserted tax liability. It is true that in the preparation of the protest appellees cited numerous cases in support of their position, but this was necessary and incidental to the preparation and presentation of the protest. Moreover, appellees consulted the appellants' attorneys concerning these authorities and other aspects of the work being done and kept them informed as the work progressed.

■ Both parties agree that the *Bercu* case correctly announces the New York law on the subject. A careful reading of that opinion demonstrates the dissimilarity between it and the case at bar. It is clear from the record before us that the work performed by appellees, which appellants assert constituted the unauthorized practice of law, was only incidental to their accounting work and was therefore permissible and not unlawful under New York law.

■ Appellees assert, and appellants do not deny, that the work done by appellees was all within the purview of their licenses to practice before the Treasury Department. It was agreed on the trial that the court might take judicial notice of the federal law and Treasury regulations on the subject. One of those regulations,* in part, provides:

> "Practice before the Internal Revenue Service comprehends all matters connected with presentations to the Internal Revenue Service or any of its officers or employees relating to a client's rights, privileges, or liabilities under laws or regulations administered by the Internal Revenue Service. Such presentations include the preparation and filing of necessary documents, correspondence with, and communications to the Internal Revenue Service, and the representation of a client at conferences, hearings, and meetings."

Appellees take the position that if there is a conflict between the state law and the federal law, the former must yield, and that, since the regulations referred to were promulgated under sanction of the federal law, they have the force and effect of law. We agree with appellees. The rights conferred by the admission to practice before the Treasury Department are federal rights which cannot be impinged upon by the states in their praiseworthy efforts to protect their citizens from unskilled and unethical practitioners of the law. Sperry v. State of Florida ex rel. Florida Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428.

■ This is not to say that the states have surrendered their right to regulate and control the practice of law within their respective boundaries, as was done in the *Bercu* case. See also Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex.

---

* Tax Regulations, § 10.2(b), CCH Standard Federal Tax Reporter, paragraph 6027C.

506, 179 S.W.2d 946, 157 A.L.R. 268. In fact, one of the Treasury regulations referred to (§ 10.39) contains this proviso: *"And provided further*: That nothing in the regulations in this part shall be construed as authorizing persons not members of the Bar to practice law."

See also Free v. Bland, 369 U.S. 663, 82 S. Ct. 1089, 8 L.Ed.2d 180; Hatfried, Inc. v. Commissioner of Internal Revenue, 3 Cir., 162 F.2d 628; Haywood Lumber & Mining Co. v. Commissioner of Internal Revenue, 2 Cir., 178 F.2d 769; Burton Swartz Land Corp. v. Commissioner of Internal Revenue, 5 Cir., 198 F.2d 558. Appellants' first point is overruled.

■ This brings us to their second point, which is that the court erred in holding that appellees were entitled to recover attorney's fees under Vernon's Ann.Civ.St., Art. 2226. Appellants' position is that, although Article 2226 authorizes the recovery of a reasonable attorney's fee in a suit "for personal services rendered," it is not applicable to a suit for such services rendered in another state which does not provide for the recovery of attorney's fees, it being pointed out that under New York law it is specifically provided that such fees are not recoverable. However, the Corpus Christi Court of Civil Appeals held directly to the contrary in Nolen v. Rig-Time, Inc., Tex.Civ.App., 392 S. W.2d 754, wr. ref. n. r. e., approving recovery of attorney's fees in a Texas case to recover for services rendered in Louisiana, and calling attention to the fact that the statute does not provide, expressly or impliedly, that services rendered by a claimant must be contracted for or supplied within the State of Texas, but that, on the contrary, the right is accorded "[a]ny *person* having a valid claim * * * for personal services rendered, * * *." (Italics ours.) We agree with that decision and, accordingly, overrule appellants' second and last point of error.

Finding no error requiring reversal, we affirm the judgment of the trial court.

Affirmed.