Juanita K. WAUGH, Appellant
(Defendant Below),

v.

Harold E. KELLEY, Appellee
(Plaintiff Below).

No. 66A048912CV557.

Court of Appeals of Indiana,
Fourth District.

June 28, 1990.

John C. Duffey, Stuart & Branigin, La-fayette, for appellant.

John M. Guy, Monticello, William N. Iv-ers, Stewart & Irwin, Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Juanita K. Waugh (Waugh) appeals the trial court's $11,400 judgment in favor of Plaintiff–Appellee Harold E. Kelley (Kelley) for services rendered.

We affirm.

This appeal presents the following issues:

whether the trial court erred by entering a judgment favoring Kelley when:

(a) he failed to prove he was an attorney duly admitted to practice law in Indiana, and

(b) he failed to prove his fees were reasonable under the circumstances.

Waugh owns and operates several large farms in Indiana and Oklahoma. When she was audited by the Internal Revenue Service (IRS), she retained Indianapolis counsel to resolve the matter, but it dragged on for several years without resolution. When Waugh became impatient with Indianapolis counsel for not getting the matter resolved, she called a friend in Kentucky who recommended she talk to Kelley, a certified public accountant and lawyer from Ashland, Kentucky. Over lunch in Indianapolis, Kelley heard out Ms. Waugh, then told her he thought her Indianapolis counsel was on the verge of settling things with the IRS. Kelley advised Waugh to stay with her Indianapolis counsel, and she did. Later, the matter was still not resolved. Waugh, dissatisfied, retained Kelley and discharged Indianapolis counsel. Kelley satisfactorily resolved the audit by revamping Waugh's archaic bookkeeping system and recovered in excess of $300,000 in refunds from the IRS. He also was paid

$62,400 at the rate of $150 per hour without complaint from Waugh.

She then asked Kelley to prepare her current federal, state, and corporate returns. Kelley agreed but advised Waugh to have a local CPA prepare her state returns, as it would be difficult for him to do so from Ashland. However, she insisted he do them. Kelley prepared the returns and rendered her a bill at the previous hourly rate. He did not bill for some of his services, as a friend of the family, and reduced his bill from $16,000 to $11,400 for these services. When Waugh refused to pay, Kelley filed suit.

From a judgment favoring Kelley, Waugh appeals.

Waugh first contends the trial court erred by granting Kelley attorney fees for the services he performed in Indiana because he was not admitted to the practice of law in this state at the time. Waugh specifically points to portions of Kelley's complaint as being a judicial admission he was seeking to collect attorney fees. In this regard, the complaint reads, in part:

1. That [Kelley] is an attorney and tax consultant.

2. That [Waugh] employed [Kelley] in his capacity as such attorney and tax consultant for the purpose of providing such services in the preparation and filing of Federal, State of Indiana and State of Oklahoma income tax returns for 1987 . . .

5. That [Kelley] is entitled to compensation for his said legal and tax consultant services in the sum of $11,400.00 . . . .

(R. 8). Because Kelley had the burden to prove at trial he was admitted to practice law in Indiana and did not do so, he is precluded from recovering attorney fees in this state for the services he rendered, Waugh claims, citing Harris v. Clark (1924), 81 Ind.App. 494, 142 N.E. 881, 882 [attorneys must prove they are admitted to practice as an essential element of their cause of action to collect attorney fees], and in accord, Rose Acre Farms, Inc. v. Greemann Real Estate (1987), Ind.App., 516 N.E.2d 1095, 1097 [real estate agents

must prove they are licensed in Indiana to recover fees for services]. Coupled with Kelley's testimony he was not licensed in this state, and that his professional practice was "solely as a tax and probate lawyer" (R. 207–208), Waugh earnestly contends Kelley cannot collect the fees he seeks because he has failed to prove an essential element of his cause of action, namely, he was admitted to practice in Indiana at the time he rendered his services to Waugh.

To the contrary, while admitting a person who performs legal services in this state may not collect a fee for their rendition unless admitted to practice in Indiana, Kelley asserts he prepared and filed Federal, state and corporate income taxes for Waugh and did not perform legal services. Therefore, Kelley claims he has not engaged in the unauthorized practice of law in this state and is entitled to be compensated for the services he has rendered.

This is a case of first impression.

■ Titles aside, the simple question here is whether or not the preparation and filing of federal and state income tax returns for Indiana residents constitutes the rendition of legal services to be performed only by those persons admitted to the practice of law in this state.

In *Groninger v. Fletcher Trust Co.* (1942), 220 Ind. 202, 41 N.E.2d 140, appellee furnished:

. . . to its customers pamphlets descriptive of tax laws, state and national, with illustrations indicating tax liability under given circumstances, and the proper method of making tax returns. It sometimes acts through its employees who are not lawyers, in arriving at proper computations and agreements with ministerial taxing officers. *It cannot seriously be contended that these activities constitute an unlawful practice of law.*

We find nothing in the facts stipulated to justify a conclusion that the appellee is practicing law. (Emphasis supplied).

*Groninger,* 41 N.E.2d at 142, citing several cases in support reaching the same conclusion. The preparation and filing of income tax returns involves substantially the same

activity, and does not constitute the practice of law.

Also, in *Miller v. Vance* (1984), Ind., 463 N.E.2d 250, the question was whether laymen bank employees engaged in the unlawful practice of law by filling in blanks in real estate mortgages as an integral part of their employers' business. The court answered that question in the negative. It said:

> Our finding here is consistent with the majority of other jurisdictions where this issue has been considered. Our rule here comports with the general rule that the drafting of documents, *when it is incidental to the work of a specific occupation,* is not generally considered to be the practice of law. (Citing cases). (Emphasis supplied).

*Miller,* 463 N.E.2d at 253. Without doubt, the preparation and filing of federal and state income tax returns are tasks incidental to the business of a certified public accountant, as was Kelley here.

Waugh insists, however, Kelley is irrevocably bound by his complaint's "judicial admission" and his testimony he rendered these services to Waugh as an attorney and tax consultant. While we agree, we determine these admissions do not have the effect for which Waugh contends.

A judicial admission, that is, an admission in a current pleading or made during the course of trial, is conclusive upon the party making it, *Wirgau v. State* (1982), Ind.App., 443 N.E.2d 327, 332, and relieves the opposing party of the duty to present evidence on that issue. *Maldonado by Maldonado v. Gill* (1987), Ind.App., 502 N.E.2d 1371, 1372. Admissions are to be considered and weighed precisely as other evidence in the case by the trier of fact. An admission's weight depends upon its character, the circumstances under which it was made, and the effect of such circumstances is to be determined by the trier of fact. *Warner Gear Co. v. De Peugh* (1919), 70 Ind.App. 264, 123 N.E. 363. While Kelley perhaps suffered a mild attack of "foot in mouth" disease in the trial court, his admissions in this regard could not turn services which as a matter of law are not essentially legal in character into services which can only be performed by lawyers in this state, as the trial judge obviously and correctly found.

Other jurisdictions also have held the preparation of income tax returns does not constitute the unauthorized practice of law. *See, Noble v. Hunt* (1957), 95 Ga.App. 804, 99 S.E.2d 345, 348; *Lowell Bar Ass'n. v. Loeb* (1943), 315 Mass. 176, 52 N.E.2d 27, 34; *In re New Jersey Society of Certified Public Accounts* (1986), 102 N.J. 231, 507 A.2d 711, 717; *Schaeffner v. Sykes* (1966), 47 N.J. 367, 221 A.2d 193, 198–199; *Realty Appraisals Co. v. Astor–Broadway Holding Corp.* (1957), 5 A.D.2d 36, 169 N.Y.S.2d 121, 123; *Grace v. Allen* (1966), Tex.Civ. App., 407 S.W.2d 321, 324. *See also,* 9 A.L.R. 797 (1950). Because the preparation and filing of federal and state income tax returns as a matter of law does not constitute the rendition of legal services requiring the preparer to be admitted to the practice of law in Indiana, the trial court did not err in entering judgment in favor of Kelley for the services he rendered Waugh.

Finally, Waugh argues because an attorney-client relationship existed between Kelley and Waugh and a new contract was entered into while it existed, Kelley bore the burden of proving the new contract was reasonable by clear and convincing evidence, as required by *Shirk v. Neible* (1901), 156 Ind. 66, 59 N.E. 281, 282. Under the rule in *Shirk* and the circumstances here existing, she claims, the law presumes the transaction to be fraudulent and the fee excessive, and "the burden is laid upon the attorneys to show by clear proof that it was fair, and the amount agreed upon ... a reasonable compensation for the services...." *Shirk, Id.;* Accord: *Briggs v. Clinton County Bank & Trust Co.* (1983), Ind.App., 452 N.E.2d 989; *Lutz v. Belli* (1987), Ind.App., 516 N.E.2d 95, 97. While Waugh's contention is correct, it has no application to this case.

The trial court, finding conflicting evidence as to the compensation Kelley was to

receive for his services,[1] found it was:

> ... blatantly obvious that an agreement as to the sum to be paid between these parties was simply non-existent at the inception of the contract, or at any time subsequent thereto.

(R. 196). Thus, there was no issue before the trial court as to whether an agreed-upon amount of fee was reasonable. The trial court determined there was an implied contract to pay for Kelley's services [2] and entered judgment based upon the reasonable value thereof. Thus, this argument is without merit.

Affirmed.

HOFFMAN and MILLER, P.JJ., concur.

---

1. Waugh testified they agreed Kelley's fee was to be $2,500 which Kelley denied. Also, one of Waugh's employees testified he overheard a telephone conversation in which Kelley's fee was agreed upon at $3,500. Kelley also denied this. He testified his fee was to be at the rate of $150 per hour, as had been the rate for his prior service.

2. The issue of whether an attorney-client relationship in fact existed between Kelley and Waugh is not before us, and we do not decide this issue. The only services Kelley rendered were account services, even though he was a lawyer duly admitted to practice in the State of Kentucky. Whether admission to the bar as an attorney perforce establishes an attorney-client relationship with those persons to whom he renders service regardless of the type rendered we leave to another day.