Victoria KERKHOF, Appellant–Respondent,

v.

James L. KERKHOF, Appellee–Petitioner.

No. 30A01–9712–CV–406.

Court of Appeals of Indiana.

Dec. 31, 1998.

Rehearing Denied March 5, 1999.

Andrew J. Baldwin, Eggers & Baldwin, Franklin, for Appellant–Respondent.

Robert G. Bogigian, Dickmann Reason & Bogigian, Greenfield, for Appellee–Petitioner.

## OPINION

SHARPNACK, Chief Judge.

Victoria Kerkhof ("Wife") appeals the trial court's judgment dividing the marital estate that accrued during her marriage to James Kerkhof ("Husband"). The sole issue Wife raises is whether the trial court erroneously failed to recognize that her share of the marital estate was at least $150,000.00 as conclusively established by a request for admissions to which Husband failed to respond. We affirm in part and remand with instructions.

The relevant facts follow. Husband filed a petition for the dissolution of his marriage to Wife. Prior to the final dissolution hearing, Wife served Husband with a request for admissions requiring that Husband respond within thirty days of service to the following assertions:

"1. That one-half (½) of Respondent's interest in the marital property at the time of separation, after debts, is equal to at least $150,000;

2. That I told my wife that I would have to pay her $150,000 as her 50% share in the marital assets due to the pending divorce."

Record, p. 35. Husband did not respond to this request for admissions within the specified thirty days or at any time prior to the final hearing.

The final hearing began with Husband's presentation of evidence concerning the value of various marital assets. During Wife's cross-examination of Husband regarding this evidence, Wife's counsel produced the request for admissions and requested that the document be admitted into evidence. Husband objected to the admission of the docu-

ment on the grounds of relevance and also specifically objected to the second paragraph on the grounds that it referred to comments made during settlement negotiations. The trial court sustained the objection.

Later, during direct examination of Wife, Wife's counsel again made an offer to admit the request for admission, which the trial court again denied. At the end of the hearing, Wife again raised the issue of the request for admissions and unsuccessfully attempted to call Husband's counsel for the purpose of making a record with respect to the trial court's refusal to admit the request for admissions. During this discussion of the matter, Husband's counsel asserted that he had been unaware of the request for admissions and that his failure to respond to such was inadvertent. Husband's counsel then requested that the trial court grant a continuance for the purposes of allowing Husband to enter a response to the request. Ultimately, the trial court decided to admit the request for admission but stated that it considered it irrelevant.

■ Thereafter, the trial court entered its final dissolution decree in which it divided the marital assets equally. The trial court's order, in relevant part, stated:

"The Court further finds that there were Requests for Admission filed by [Wife] on April 7, 1997, and that there is no evidence in the file that said Requests were answered. The Court finds that even if said Requests are deemed admitted, the admissions sought by request number 2 therein were made in the course of settlement negotiations and therefore are not competent evidence and are inadmissible. The Admission sought by request number 1 was admitted into evidence at the trial herein, but the Court finds that the other evidence produced at the hearing of this cause is more persuasive as to the value of the marital estate."

Record, p. 42. Additional relevant facts will be provided as necessary for discussion.[1]

Wife asserts that, pursuant to Ind. Trial Rule 36, the trial court was required to treat both statements in her request for admissions as conclusively established because Husband failed to respond within the specified time period. She further asserts that by failing to give the admissions conclusive effect, the trial court erred in awarding her less than $150,000 as her share of the marital assets.

■ Wife is correct that under T.R. 36 the failure to respond in a timely manner to a request for admissions causes those matters to be conclusively established by operation of law.[2] *Corby v. Swank,* 670 N.E.2d 1322,

---

1. Husband suggests that Wife has waived review of any error with respect to the improper use of the request for admission because, after the time expired on her request for admissions, she cooperated in seeking appraisals of marital assets and because she made no objection to Husband's presentation of valuation evidence at the hearing. In essence, Husband is asserting that Wife's actions with respect to collecting and presenting valuation evidence is inconsistent with her reliance on an admission as to the value of the marital estate. However, the request for admission states that Wife's share is "at least" $150,-000. Record, p. 35. Such an admission does not establish the Wife's entire share but only a minimum portion of it. As such, collection and presentation of valuation evidence would still be necessary to establish any amounts above $150,-000 to which Wife might be entitled. Therefore, we are not persuaded by Husband's waiver argument.

Along the same line, Wife's use of the request for admissions at the hearing was, at minimum, inconsistent with the underlying purpose of T.R. 36. "Properly used, requests for admissions simplify pre-trial investigation and discovery, facili-

tate elimination of unnecessary evidence at trial, and reduce the time and expense demands upon the parties, their counsel and the courts." *General Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co.,* 573 N.E.2d 885, 888 (Ind.1991), *reh'g denied.* Wife correctly asserts in her brief that once a request for admissions is transformed into a conclusively established fact, there is no need to move to have the matter deemed admitted as the matter is automatically established as a matter of law. *Corby v. Swank,* 670 N.E.2d 1322, 1324 (Ind.Ct.App.1996). However, given that the central issue in this dissolution proceeding was the valuation and division of marital assets, Wife could have better effectuated the purpose of the T.R. 36 by presenting the alleged admission prior to or earlier in the hearing for the purposes of limiting the presentation of evidence and more narrowly defining the issues before the trial court.

2. Trial Rule 36 provides, in relevant part, as follows:

"(A) Request for admission. A party may serve upon any other party a written request

1324 (Ind.Ct.App.1996). Further, once such an admission is obtained, there is no need to prove the established fact at trial. *Id.; see also Indiana Civil Rights Comm'n v. Wellington Village Apartments,* 594 N.E.2d 518, 527 (Ind.Ct.App.1992), *trans. denied; F.W. Means & Co. v. Carstens,* 428 N.E.2d 251, 257 (Ind.Ct.App.1981). The trial court is not permitted to disregard the admission. *Corby,* 670 N.E.2d at 1324.

Here, it appears the trial court initially concluded, despite the conclusiveness of the admissions, that the admitted facts were nevertheless inadmissible under evidentiary principles. Further, at the close of the hearing and in its subsequent order, the trial court appeared to classify statement number one as a declaration against interest which is treated as evidence of the admitted fact and weighed against other evidence. *See Dipert v. State,* 259 Ind. 260, 263, 286 N.E.2d 405, 407 (1972) (holding that the weight to be given a statement against interest is to be determined by the jury); *see also Moore v. Funk,* 155 Ind.App. 545, 555, 293 N.E.2d 534, 539 (1973).

We have held that the conclusiveness of a fact deemed admitted under T.R. 36 "does not mean that the fact is automatically admitted into evidence.... [A]n admission may be offered into evidence at the hearing where the facts established in that admission are not subject to dispute, but the admissibility of the facts may be challenged." *Wellington Village,* 594 N.E.2d at 528; *see also Walsh v. McCain Foods Ltd.,* 81 F.3d 722, 726 (7th Cir.1996) (holding that despite being conclusively established under T.R. 36, the estab-

lished facts are still subject to the limitation on hearsay evidence), *reh'g denied.* Therefore, the issue before us is not whether the trial court was required to treat the facts stated in the request for admissions as conclusively established, clearly it was so required, but whether the trial court's evidentiary grounds for rejecting the stated facts were erroneous. We will address each of the two statements in the request for admissions in turn.

I.

With respect to the second statement in the request for admissions[3], the trial court concluded that despite the conclusiveness of the fact that Husband made such a statement, the statement was "made in the course of settlement negotiations and therefore [is] not competent evidence and [is] inadmissible." Record, p. 42. Indiana Evidence Rule 408 governs this issue and states:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim, which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. *Evidence of conduct or statements made in compromise negotiations is likewise not admissible.* This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prose-

for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or long-

er time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

\* \* \* \* \*

(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . "

3. Statement number two consisted of the following: "That I told my wife that I would have to pay her $150,000 as her 50% share in the marital assets due to the pending divorce." Record, p. 35.

cution. Compromise negotiations encompass alternative dispute resolution."

(emphasis added).

⬛ At the hearing, Husband objected to the admission of statement number two on the grounds that the alleged statement would have only been made during settlement negotiations. However, Wife responds by asserting that Husband offered no proof that the admission was related to settlement negotiations. However, during direct examination of Wife at the hearing, she testified that a figure of $157,000 that she had calculated to be her half of the marital estate was based on a conversation between her and Husband. At this point in the hearing, Husband's counsel objected and was allowed by the trial court to ask preliminary questions which established that this conversation occurred while the divorce was pending. This testimony by wife provides sufficient corroboration of Husband's assertion that the statement was made during settlement negotiations. As a result, even if conclusively established, the trial court was within its discretion in determining that the statement is not competent evidence under Evid. R. 408.

⬛ Furthermore, even assuming arguendo that the trial court erroneously excluded statement two, the mere fact that Husband stated that he would have to pay Wife $150,-000 does not necessarily establish that Wife's share was, in fact, equal to that amount. Therefore, statement number two, even if conclusively established and considered by the trial court, would not preclude the trial court from determining that the value of the marital estate was more or less than $150,-000. Therefore, we affirm the trial court's exclusion of the statement.

## II.

⬛ Although we have concluded that the trial court's refusal to admit the second statement was proper, the trial court's rejection of the first statement presents a different problem.[4] With respect to this statement, the trial court concluded that "the

Court finds that the other evidence produced at the hearing of this cause is more persuasive as to the value of the marital estate." Record, p. 42. As we noted earlier, the trial court appeared to classify statement number one as a declaration against interest and, as such, considered it only as evidence of value and weighed it against other evidence of value presented at the hearing. However, under T.R. 36 the trial court was required to deem the matter of the statement conclusively established. *See Corby*, 670 N.E.2d at 1324. As such, the trial court was not free to disregard the Husband's admission, albeit by default, that Wife's share was at least $150,-000. *See id.* The trial court did state at the hearing that he considered the admission irrelevant. While a fact conclusively established under T.R. 36 could conceivably be inadmissible for lack or relevance, such is not the case with this particular admission. The statement is a positive statement as to the value of at least a portion of the marital estate. Therefore, we conclude that the trial court abused its discretion in rejecting the admitted fact in favor of other more persuasive evidence.

Despite this conclusion, our analysis does not end here. Even where a party has admitted a fact under the operation of T.R. 36, the admitting party may move to withdraw such an admission. Trial Rule 36(B) provides as follows:

"(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, *the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.* Any admission made by a party under this rule is for the purpose of the pending action only

---

4. Statement number one consisted of the following: "That one-half (½) of Respondent's interest in the marital property at the time of separation,

after debts, is equal to at least $150,000." Record, p. 35.

and is not an admission by him for any other purpose nor may it be used against him in any other proceeding."

(emphasis added).

■ Although Husband's counsel did not specifically move to have the admission withdrawn under T.R. 36(B), he did request that the trial court grant a continuance for the purposes of allowing Husband to enter a response to the request. We have held that "Trial Rule 36(B) does not require a motion for relief under it to be denominated in any particular manner. Merely by challenging deemed admissions and asking for an extension of time to respond, a party satisfies the requirement of T.R. 36(B) that a party move to withdraw or amend deemed admissions." *Hanchar Industrial Waste Management, Inc. v. Wayne Reclamation & Recycling, Inc.*, 418 N.E.2d 268, 271 n. 2 (Ind.Ct.App. 1981) (Staton, J., concurring in part, dissenting in part); *see also Gary Mun. Airport Authority Dist. v. Peters*, 550 N.E.2d 828, 831 (Ind.Ct.App.1990). Therefore, Husband's objections to the request for admissions and his request for an extended time within which to respond should have been treated as a request to withdraw the admission under T.R. 36(B).

Rather than determine if withdrawal of admission number one was warranted under T.R. 36(B), the trial court decided that it would admit the statement but would not consider it in the face of more persuasive evidence. When faced with a trial court's failure to apply the appropriate standard to a request to withdraw an admission, we have held that the appropriate appellate relief is a remand for application of the correct standard. *Hanchar*, 418 N.E.2d at 270 (holding that remand for application of T.R. 36(B) standard is appropriate where trial court erroneously granted withdrawal of admissions for inadvertence and excusable neglect under T.R. 6(B)); *see also Gary*, 550 N.E.2d at 834 (holding that "remand is required where a trial court has employed an erroneous standard in granting or denying a motion to withdraw or amend admissions"). In line with these holdings, we remand this case to the trial court to determine whether withdrawal of admission number one would fur-

ther the presentation of the merits of the case and whether such a withdrawal would result in prejudice to Wife. *See* T.R. 36(B).

Our review of the case law applying T.R. 36(B) reveals several factors that may be relevant to the trial court's determination in this case. First, Wife asserts that she did not present further evidence at the hearing because she relied upon the admission, and, as a result, would be prejudiced by the trial court's failure to give the admission conclusive effect on the issue of the value of the estate. Such a reliance could qualify as prejudice that would preclude withdrawal of the admissions. *Gary*, 550 N.E.2d at 831. However, the trial court may consider whether such reliance was reasonable. In *Gary*, we held that it

"must be shown that reliance on the admissions was reasonable. One consideration in determining whether the reliance was reasonable is the nature of the admissions made. In many cases, admissions are made which are so central to a case as to render reliance on them unreasonable."

*Id.*

Further, with regard to Husband's assertion that the wording of the request for admissions is confusing, the trial court may consider whether the clarity of the request for admissions is adequate. "The burden upon the requesting party is to artfully draft the statement of fact contained in the request for admission. That statement must be precise, unambiguous and in no way mislead the answering party. The drafting of the statement of fact is controlled exclusively by the requesting party. Therefore, fairness demands that any error arising out of inartful drafting be borne by the requesting party." *F.W. Means*, 428 N.E.2d at 257.

Finally, with respect to the assertion by Husband's counsel that his failure to respond to the request for admissions was inadvertent, we direct the trial court to the supreme court's decision in *General Motors*, 573 N.E.2d 885. In affirming the trial court's denial of G.M.'s motion to withdraw admissions, the supreme court appeared to recognize inadvertence as a factor when it stated:

"Neither G.M.'s motion to withdraw admissions nor its supporting memorandum presented the trial court with any claim or indication that its failure to timely respond was inadvertent, that it had nevertheless continued to actively contest the issues involved in the challenged admissions, or that Aetna was aware that G.M. intended to contest the admitted issues at trial."

*Id.* at 889.

In sum, we affirm the trial court's ruling with respect to statement number two in Wife's request for admissions. In addition, we remand this case to the trial court to determine whether statement number one in the request for admissions may be withdrawn by Husband under the standard set forth in T.R. 36(B) and applicable case law.

For the foregoing reasons we affirm in part and remand with instructions.

Affirmed in part and remanded with instructions.

· HOFFMAN, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I concur as to Part I but respectfully dissent as to Part II which remands the cause with respect to statement number one and contemplates withdrawal of that admission by Husband.

In the case before us there has been a full trial during which statement number one was admitted into evidence as an admission but which was disregarded by the trial court in reaching its judgment. As the majority notes, "[t]he trial court is not permitted to disregard the admission." Op. at 1111. Yet, the trial court, in effect, did precisely that by rejecting the admission in favor of other "more persuasive" evidence as to the value of the assets. Record at 42–44. The court did so, apparently viewing the admission as merely a declaration against interest, which

is to be weighed by the trier of fact in light of the other evidence and which may either be accepted or rejected. The court erred in so ruling. Declarations against interest are not vested with the conclusiveness of an admission.[5] Such ruling denies the admission its conclusive effect.

The admission, having been admitted, is either conclusive or it is not. The majority correctly states that the trial court was "clearly . . . required" to "treat the facts stated in the request for admissions as conclusively established." Op. at 1111. Accordingly, it was conclusively established that "one-half (½) of [Wife's] interest in the marital property at the time of separation, after debts, is equal to at least $150,000." Record at 35.

Here, the total assets appeared to be $98,-308 less debt of $10,000 (not including student loans) for net assets of $88,308. I am of the view that by reason of the conclusive admission, Wife is entitled to all of the assets.

The case before us differs from the situation presented in *Corby v. Swank* (1996) Ind. App., 670 N.E.2d 1322. There, the trial court sustained Swank's objection to the admission of Corby's request for admissions. The trial proceeded, resulting in a jury verdict for Swank and against Corby. Because the subject matter of the excluded admission was crucial to the matter of liability, our holding, that the exclusion was erroneous, permitted no remedy other than a new trial. Clearly in that posture, Swank would be permitted to move to withdraw his admission. Such is not the case here.

Here, the admission was admitted into evidence and therefore became conclusive as to the minimum valuation of Wife's interest in the assets. There was no motion by Husband to withdraw that admission. Further, I do not perceive Husband's motion for a continuance to respond to the request as the equivalent of a motion to withdraw the ad-

---

5. Cases which seemingly are to the contrary and which state that admissions are to be considered just as any other evidence and to be weighed against other evidence, *see, e.g., Waugh v. Kelley* (1990) Ind.App., 555 N.E.2d 857; *Moore v. Funk* (1973) 155 Ind.App. 545, 293 N.E.2d 534, *trans. denied*, should not be construed to divest admissions under T.R. 36 of their conclusive effect.

mission already in place.[6]  It is now too late for any such withdrawal.

I would reverse and remand with instructions to award the net assets to Wife.

---

**6.** I respectfully suggest that the majority is in error in relying upon *Gary Mun. Airport Authority District v. Peters* (1990) Ind.App., 550 N.E.2d 828, which in turn relies upon a separate concurrence in *Hanchar Indus. Waste Management, Inc. v. Wayne Reclamation & Recycling, Inc.* (1981) Ind.App., 418 N.E.2d 268 for the proposition that party has effectively moved to withdraw an admission by requesting an extension of time to respond to the requested admission.  In *Royalty Vans, Inc. v. Hill Bros. Plumbing and Heating, Inc.* (1993) Ind.App., 605 N.E.2d 1217, *reh'g denied,* this court specifically *rejected Gary Municipal Airport* with regard to admissions.